UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE GIANNINI, | No. 2:22-cv-00399-CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT B. BURTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1

Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff initiated this action by purporting to file a "declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202" in the Central District of California.[1] Plaintiff names the warden and three officials at the California Health Care Facility ("CHCF") in Stockton as defendants. The allegations in the complaint are based on plaintiff's inability to obtain a $5.00 check from his prison trust account to pay the filing fee for a federal habeas corpus action which he intended to file. Plaintiff indicates that he sent letters to defendants requesting their assistance in obtaining this check. However, defendants did not respond. Although not entirely clear, it appears to the court that the anticipated federal habeas corpus action seeks to challenge a disciplinary hearing conducted at CHCF.

/////

/////

---

[1] In the order transferring this case to this judicial district, the magistrate judge described the complaint as "either a pro se civil rights complaint or a petition for writ of habeas corpus…." ECF No. 4 at 1.

### III. Relevant Legal Standards

#### A. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Access to Courts

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. See Thornburgh, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of

access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith, 899 F.2d at 944.

A prison's interference with legal mail may also violate an inmate's right of access to the courts which is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment. See Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts). Prison officials may not actively interfere with an inmate's right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015). In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

### IV. Analysis

To the extent that the complaint alleges that prison officials have interfered with plaintiff's First Amendment right of access to the courts, the undersigned finds that it fails to state a claim upon which relief can be granted under federal law. Although plaintiff alleges that the delay in receiving the check for the filing fee impeded his ability to comply with the statute of limitations governing federal habeas petitions, he never links any of the named defendants to the alleged constitutional violation. The complaint alleges that "there is a person or persons in CHCF denying Inmate Giannini of his First Amendment [r]ight to present his writ of habeas corpus…," he never identifies who that is. As a result, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory

1  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of
2  Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10       In accordance with the above, IT IS HEREBY ORDERED that:

11     1. Plaintiff's complaint is dismissed.

12     2. Plaintiff is granted thirty days from the date of service of this order to file an amended
13 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
14 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
15 number assigned this case and must be labeled "Amended Complaint."  Failure to file an
16 amended complaint in accordance with this order will result in a recommendation that this action
17 be dismissed.

18 Dated: October 12, 2022

                CAROLYN K. DELANEY
                UNITED STATES MAGISTRATE JUDGE

26 12/gian0399.14.docx